IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| KARLA GIBSON DONNELL, Plaintiff, | § | |
| v. | § | No. 5:26-CV-072-H-BV |
| CITY BANK–LUBBOCK, Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant removed this action from state court based on federal-question jurisdiction. Dkt. No. 1. However, Plaintiff's claims do not arise under the Constitution or a federal law, and Defendant has not otherwise established a basis for the Court's jurisdiction. Because the Court lacked subject-matter jurisdiction at the time of removal, the undersigned recommends that the United States District Judge remand this case to County Court at Law No. 3, Lubbock County, Texas.

**1. City Bank removed this action from state court based on federal-question jurisdiction.**

Pro se Plaintiff Karla Gibson Donnell filed an original petition in County Court at Law No. 3, Lubbock County, Texas. Dkt. No. 1-4. Donnell asserts claims against Defendant City Bank for negligence, negligent enablement of fraud, negligent misrepresentation, fraud, conversion, violation of the Texas Uniform Commercial Code, violations of state and federal banking regulations, and spoliation of evidence. *Id.* at 36–44.

City Bank removed the case to this Court, asserting subject-matter jurisdiction under 28 U.S.C. §§ 1331. Dkt. No. 1 at 1–2. City Bank contends that the Court possesses federal-question jurisdiction because Donnell asserts claims under the Bank Secrecy Act (BSA) and Federal Deposit Insurance Corporation (FDIC) "regulations governing joint accounts." *Id.* at 1. City Bank also observes that Donnell alleges "violations of state *and federal* banking regulations." *Id.*

After reviewing the notice of removal and accompanying documents, the Court concluded that City Bank had not established there was subject-matter jurisdiction at the time it removed the case, so the Court provided City Bank an opportunity to cure the deficiency. Dkt. No. 5. City Bank did not respond. The undersigned therefore presumes that City Bank agrees with the Court's conclusion that it lacks subject-matter jurisdiction. *See id.* at 4–5 (warning City Bank that its failure to cure the jurisdictional deficiencies would result in a recommendation that the case be remanded).

**2. Subject-matter jurisdiction must exist at the time of removal.**

A defendant may remove an action filed in state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). In general, federal courts may only consider a case if it (1) involves a question of federal law or (2) when diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Because the removing party is the one invoking the court's jurisdiction, that party bears the burden of establishing jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (affirming that "[t]he party invoking federal jurisdiction bears the burden of establishing" it); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (explaining that "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper"). The removing party may amend its original notice of removal to cure defective allegations of jurisdiction. 28 U.S.C. § 1653; *see Stafford v. Mobil Oil Co.*, 945 F.2d 803, 806 (5th Cir. 1991) (emphasizing that "Section 1653 provides a method for curing defective *allegations* of jurisdiction where the defect is merely one of the pleading and not one of an absence of proof of facts necessary to establish diversity of citizenship" (alteration, internal quotation marks, and citation omitted)). But § 1653 does not permit a party to "remedy defective jurisdictional facts." *Whitemire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) (internal quotation marks and citation omitted).

Thus, "to support removal [on the basis of federal-question jurisdiction], the defendant must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim, ignoring [its] own pleadings and petition for removal." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). That is, "[a] determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Int'l Primate Prot. League v. Adm'rs of Tulane*

*Educ. Fund*, 500 U.S. 72, 89 (explaining that § 1447(c) requires a court to remand an action if subject-matter jurisdiction is lacking).

**3. City Bank has not established that the Court had jurisdiction at the time of removal.**

Here, City Bank removed the case based on federal-question jurisdiction. Dkt. No. 1 at 1. City Bank believes a federal question exists because Donnell asserts claims under the BSA and FDIC "regulations governing joint accounts." *Id.* City Bank also observes that Donnell alleges "violations of state *and federal* banking regulations." *Id.* But the BSA does not supply a private cause of action. *See, e.g.*, *Killion v. Truist Bank*, No. 5:24-CV-194-H, 2025 WL 1531580, at *4–5 (N.D. Tex. May 29, 2025) (Hendrix, J.) (citing cases in support); *Southaven RV Ctr., Inc. v. NexTek, LLC*, No. 3:25-CV-159-SA-JMV, 2026 WL 102845, at *3 (N.D. Miss. Jan. 14, 2026) (same). And [i]f a federal statute does not create any private cause of action, then the district court lacks federal-question jurisdiction." *Killion*, 2025 WL 1531580, at *4.

Similarly, the undersigned concludes that Donnell's claim for violations of "FDIC regulations," including 12 C.F.R. § 330.9, does not support federal-question jurisdiction. Although there is a lack of authority discussing the specific provision Donnell cites, other courts have generally concluded that alleged violations of other FDIC regulations do not give rise to a private civil action. *See, e.g.*, *Hamilton v. Shepard*, No. No. 20-cv-81137, 2021 WL 3059647, at *4 (S.D. Fla. June 30, 2021) (observing that "the Complaint does not explain how the Patriot Act or any FDIC regulation were violated, or if violated, whether any such violation even gives rise to a civil cause of action"), *R. & R. adopted by*

2021 WL 3054687 (S.D. Fla. July 20, 2021); *Donald v. Bank of Am., N.A.*, No. 25-1901, 2025 WL 2233664, at *3 (E.D. Pa. Aug. 5, 2025) (concluding there was no federal-question jurisdiction under § 9.1(b), "which sets forth the standards that apply to the fiduciary activities of national banks" (internal quotation marks and citation omitted)).

Donnell asserts that City Bank's alleged violation of § 330.9 "constitute[s] negligence per se"—presumably, a state-law cause of action. Dkt. No. 1-4 at 43. But "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Likewise, Donnell's generic reference to federal violations is insufficient to supply the requisite jurisdiction. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted); *see MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (requiring that parties "make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings" (citation omitted)).

In sum, City Bank has not established that the allegations in Donnell's complaint establish that federal-question jurisdiction existed at the time of removal. And City Bank has not alleged, nor does Donnell's original petition otherwise establish, that there is diversity jurisdiction under 28 U.S.C. § 1332. Dkt. No. 1. Thus, this case must be remanded for lack of jurisdiction. *Int'l Primate Prot. League v. Adm'rs of Tulane Educ.*

*Fund*, 500 U.S. 72, 89 (1991) (reiterating that "where subject matter jurisdiction is lacking, the removed case '*shall* be remanded'" (quoting § 1447(c)).

**4. This case should be remanded.**

Because City Bank failed to establish the Court's subject-matter jurisdiction at the time of removal, the undersigned **RECOMMENDS** that the United States District Judge *sua sponte* remand this action to the County Court at Law No. 3, Lubbock County, Texas.

**5. The parties have a right to object.**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: August 12, 2026.

Amy Burch

**AMANDA 'AMY' R. BURCH**
**UNITED STATES MAGISTRATE JUDGE**